**NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH BAROUN,

Defendant - Appellant.

No. 10-30090

D.C. No. CR-09-64-BLG-RFC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted October 14, 2011
Portland, Oregon

Before: EBEL, BERZON, and N.R. SMITH, Circuit Judges.

*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**      The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

Defendant-Appellant Keith Baroun (Baroun) pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The district court sentenced Baroun to 165 months' imprisonment and ordered him to pay $3,000 in restitution to "Vicky," one of the victims depicted in the pornography he received. Baroun appeals, arguing that the district court abused its discretion by imposing a substantively unreasonable sentence, in light of his alleged vulnerability to abuse in prison; and that the district court erred in ordering restitution, given a lack of evidence showing that his offense proximately caused "Vicky's" injuries. The Government concedes the latter point in light of our recent holding in *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011), and agrees that the restitution order should be vacated and the issue remanded. We affirm with respect to Baroun's prison sentence, and reverse and remand with respect to the restitution order.

1. Baroun challenges his prison sentence as substantively unreasonable under the Federal Sentencing Guidelines. He claims that the district court failed properly to take into account his vulnerability to abuse in prison, which he alleges arises from his offense, his demeanor, and his physical characteristics, and is evidenced by his history of altercations while incarcerated.

We review for abuse of discretion a district court's sentencing decision, including denials of motions for downward departure, asking whether or not the

2

decision was reasonable. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Dallman*, 533 F.3d 755, 760-61 (9th Cir. 2008). Where the district court has committed no procedural error, we review the substantive reasonableness of a sentence's length, taking into account "the totality of the circumstances" and giving deference to the district court's judgment of factual significance in imposing a sentence pursuant to the factors of 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 51. While a sentence falling within the advisory Guidelines range is not presumptively reasonable, it "will normally not be found unreasonable on appeal." *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc).

In this case, the district court considered the sentencing factors of § 3553(a) and then imposed a sentence in the middle of the advisory Guidelines range. Baroun essentially contends that the district court failed to give sufficient weight to his vulnerability to abuse in prison. The district court considered this argument, however, and simply concluded that any such vulnerability did not warrant a downward departure. Nothing in the record or in our case law suggests that the district court's decision was unreasonable. Thus we cannot say that the district court abused its discretion in sentencing Baroun.

2. Baroun also challenges the district court's restitution order, arguing that the Government failed to establish a proximate-causal link between the conduct of

his offense and the harm incurred by "Vicky." We review a restitution order for abuse of discretion, provided that it is within the bounds of the statutory framework, and review for clear error factual findings supporting the order. *United States v. Lazarenko*, 624 F.3d 1247, 1249 (9th Cir. 2010). However, we review de novo the legality of the order, which includes "[w]hether an order of restitution falls 'within the bounds of the [relevant] statutory framework.'" *Kennedy*, 643 F.3d at 1260 (quoting *Lazarenko*, 624 F.3d at 1249).

Section 2259, "Mandatory restitution" under Chapter 110, "Sexual Exploitation and Other Abuse of Children," of Title 18 of the U.S. Code requires, in general language, that district courts order restitution for offenses under that chapter. Although we have "recognized that [§ 2259] is 'phrased in generous terms, in order to compensate the victims . . . ,'" *United States v. Doe*, 488 F.3d 1154, 1159 (9th Cir. 2007) (quoting *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999)), we have also "interpreted [§ 2259] as allowing restitution only for losses that were 'proximately' caused by the defendant's conduct," *Kennedy*, 643 F.3d at 1261 (quoting *Laney*, 189 F.3d at 965). Accordingly, the court must find that a defendant's conduct caused "specific losses" of the victim that "can be calculated with 'some reasonable certainty.'" *Kennedy*, 643 F.3d at 1263 (quoting *Doe*, 488 F.3d at 1160).

4

Baroun contends that nothing in the record specifically ties any of "Vicky's" injuries to his conduct; rather, her harms are the cumulative, indivisible result of her previous abuse along with the ongoing viewing of her pornographic images by many individuals. Indeed, we recently held in a "Vicky" case with a nearly identical (in relevant part) record that the district court had erred in awarding restitution in the amount of $1,000 per image ($48,000 in total), reasoning that the evidence was insufficient to establish a causal connection between the defendant's particular conduct and any discrete harms suffered by "Vicky." *Kennedy*, 643 F.3d at 1260-65. The only things distinguishing the present case from *Kennedy* are the total awarded amount and the method of calculation, and neither difference is ultimately material. First, the coincidental size of the award is irrelevant to whether a proximate-causal connection existed. Second, in arriving at its award, the district court in this case simply selected an arbitrary fraction of the statutorily presumptive damages in the civil context, *see* 18 U.S.C. § 2255, thus failing effectively to address proximate cause.

While it is mandatory for the court to consider restitution under the statute, the court can order restitution only when there is evidence of proximate cause. As we have previously acknowledged, "it is likely to be a rare case" where the Government can carry its burden under this standard. *Kennedy*, 643 F.3d at 1266.

5

However, unless and until Congress makes a change, "we remain bound by the language of the statute and our precedent." *Id.* Accordingly, Baroun's restitution order is hereby vacated.

We reverse and remand to the district court, on this issue, for proceedings consistent with this order. On remand, the Government may consider whether it can put forth further evidence that would suffice to show proximate cause by means suggested by *Kennedy*. *See id.* (noting that the Government might be able to establish proximate cause in this kind of case by submitting reasonable estimates of the victim's lifetime harms and the total number of offenders).

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**